The lessee of JAMES DUFFEL and wife *vs.* PETER R. BURTON et al., tenants, &c.

A will of lands held in common, is not revoked by proceedings for partition under which the testator accepts and becomes seized of the whole in severalty.

But such will does not pass the after-acquired portion of the estate.

THIS was an action of ejectment for certain lands in Indian River hundred.

Thomas Robinson (of Wm.,) and Miers Burton, were seized in fee

of the premises in question, as tenants in common, in the year 1825. Thomas Robinson, by will dated the 13th of August, 1840, and proved the 16th of October, 1843, devised as follows: "I give and bequeath to my nephew, Peter Robinson Burton, all of my moiety or half part of the tract of land that I now live on, situate in Angola in Indian River hundred in Sussex county, together with all of my moiety or half part of the mills and mill lots attached to the same, it being the lands that I hold in partnership with the heirs of Miers Burton, deceased, to him and his heirs and assigns forever : Provided always, that the said Peter R. Burton, shall not sell or otherwise dispose of the said lands to any other person than one of his own name and relation."

A petition for partition of the lands so held in common, was filed in Chancery at the March term, 1840. The land was valued at $2,200, and accepted by Thomas Robinson on the 13th of March, 1841; the commissioners being of opinion that the premises would not divide without prejudice. Thomas Robinson died September 30, 1843, leaving Rhoda Duffel, wife of the plaintiff, and Sarah Evans his heirs at law ; and by the subsequent death of Sarah Evans without issue, Rhoda Duffel became his sole heir at law.

The plaintiff claimed as the heir at law, of Thomas Robinson, the whole of the lands accepted in the proceedings for partition, on the ground that such acceptance was a revocation of the will, under which the defendant, Peter R. Burton claimed, and was in possession.

Plaintiff's counsel, cited, 3 *P. Wms.* 170 ; 1 *Bos. & Pul.* 590; 6 *Ves. Rep.* 219 ; 3 *Ibid* 650-56-60 ; 6 *Cruise Dig.* 120 ; *Ibid* 122-24-25-27 ; 4 *Kent Com.* 528-29-30 ; 2 *Ves. Rep.* 426-30 ; 7 *Term. Rep.* 414 ; 1 *Ibid* 577-79 ; *Pow. on Dev.* 548 ; 21 *Law. Lib.* 320-29, *n.*, 355-43 ; 1 *Saund. Rep.* 277, *n.*, 4 ; 7 *Johns. Ch. Rep.* 271 ; 2 *Kinne Comp.* 725 ; 3 *Burr. Rep.* 1488.

*Houston* and *Layton,* for defendants, denied that there had been in this case any such alteration of the *estate* as would work a revocation. A mere dissolution of the tenancy in common, is not such a change of the estate as to revoke a will. The acceptance under the Court of Chancery's decree of partition is no more. It neither takes from, nor conveys to Thomas Robinson, any thing in relation to the moiety before held by him ; but only adds to it the moiety of Miers Burton ; and by the acceptance, he takes simply the title of M. B., or of his heirs, subject to the incumbrances against him or them.

The estate must be divested to work a change. There must be an interruption of the seisin. The destruction of the unities by which

the estate is held, will not be sufficient to work a revocation. (6 *Cruise Dig.* § 35, 36, *&c.*; 2 *Leigh. N. P.* 1526; 6 *Cruise Dig.* 101, 102-5-6, § 79; 4 *Kent. Com.* 529; 1 *Term. Rep.* 576, 581.) A partition by tenants in common, does not work a revocation. (6 *Cruise* 116.17, § 97; *Ibid* 118, § 100; 1 *Term. Rep.* 581, 590-95; 21 *Law Lib.* 325, 554-55; *Pow. on Dev.*; *Burton on real property, Law Lib.* 95-6; *Ibid* 224; *Bailey on Fines* 167; *Th. Raym. Rep.* 240; 2 *Harr. Dig.* 635; *Loft's Rep.* 609.)

Plaintiff's counsel, replied that the title under partition proceedings in chancery, was a- *new title*, not merely as to the moiety but the whole of the land. The law requires that the same interest which the testator had at the making of his will shall continue till his death; the smallest alteration is a revocation of the will. Did the interest of Thomas Robinson continue the same? He held as acceptor by a different title. He no longer remained in, as of his old title to an undivided moiety; but acquired a title by virtue of the assignment in chancery.

The interest of the tenant in common in the land, as land, became destroyed by the valuation: he had no longer a deviseable interest in lands, but a right to a sum of money as the valued proceeds of land; and if instead of the money he took back the land—not his moiety only, but the whole of the land—by paying for it, he became seized of a new title and a new estate both in quality and quantity. This is such a change as operates a revocation of any devise of his old moiety. The new title is after-acquired estate, such as will not pass under a previous will.

2. That the plaintiffs were entitled to a moiety of the lands by concession. One half of these lands, at all events, were acquired after the will was made. The defendants are in possession of *all* the land.

The counsel, for the defendants now stated, that they had never claimed any more than a moiety of the land under the will, as tenants in common with the plaintiff; and resisted the claim now set up to recover that part of the premises which was conceded; and they stated that the plaintiff had been in the receipt of rents as heir at law. The parties were at issue on this subject, and no proof had been offered.

*The Court* said, if the defendant had claimed to hold as tenant in common with the plaintiff, and defended only for a moiety, he should have restricted his defence expressly to a moiety, and not entered into the consent rule to confess ouster generally. Having confessed the ouster, as well as the lease and entry, if plaintiffs recover any

part of the premises they must recover costs.   (3 *Harr. Rep.* 342 ; 2 *Steph. N. P.* 447.)

Judge Harrington charged the jury :

HARRINGTON, *Justice.*—The case is presented on a written statement of facts agreed to.   This statement leaves it uncertain to what extent defence is taken ; the defendants being now willing to concede one-half the land to plaintiffs.   This is a question which only affects costs, but as the case agreed upon does not make the concession, we can settle it only by the pleadings, in which the defendants admit ouster of the plaintiff generally of all the premises claimed in the declaration ; and the recovery of any part will subject them to the costs of suit.

The verdict must, therefore, be for the plaintiffs for one-half, at least, of the lands in question, and costs.   The real controversy is about the other half.

It is admitted that the land in question was at one time held by Thomas R. and Miers Burton as tenants in common ; and that Thomas R., being so seized of an undivided moiety made his will and devised the interest which he then had in the premises to the defendant, Peter R. Burton.

The will is as follows :—" I give and bequeath to my nephew, Peter Robinson Burton, all of my moiety or half part of the tract of land that I now live on, situate in Angola in Indian River hundred in Sussex county, together with all of my moiety or half part of the mills and mill-lots attached to the same, it being the land that I hold in partnership with the heirs of Miers Burton, deceased, to him and his heirs and assigns forever : Provided always, that the said Peter R. Burton, shall not sell or otherwise dispose of the said lands to any other person than one of his own name and relation."

After the making this will, proceedings were had in the Court of Chancery between Thos. R., and the heirs of Miers B., for partition of these premises which they so held in common, and the assignment to each of his part in severalty.   Commissioners were appointed to divide the property, but finding that it would not divide by metes and bounds without prejudice and injury, they determined to divide it by valuation, which is another mode of partition authorized by the law.   Thos. R., accepted at the valuation ; bound himself by a recognizance to pay to Miers Burton's heirs their half of the valuation, and took an assignment of the premises ; by which the tenancy in common was destroyed ; and he became seized of the whole in fee. He afterwards died without any alteration or republication of his

will, and without any revocation of it, unless this change in his estate, produced by the partition and purchase of the other moiety of the property, is in law an implied revocation, and does itself operate to defeat the devise.

This is a purely technical principle of law. It depends not upon the intention of the testator as collected from the will, but arises in the first place out of a high regard which the law always pays to the rights of an heir at law, the impolicy of allowing him to be disinherited unless by express words, and the doubt which the change in the estate devised raises in reference to what was the will of the deceased in respect to that estate in its new form and extent. Thus, if any one of you should by will, devise *all your land* to another person than your heir at law, and should purchase another farm the day after you made your will, and die without any republication of it, that farm would not go to the devisee, but to the heir at law. So, (to take a stronger case,) if you should make a will devising a particular farm to one of your children, and afterwards sell that farm, and then buy it back again, and die seized of it as fully as you had it when you made your will, it would not pass under the will, but go to the heir at law. And this principle has been extended in favor of the heir at law to much stronger cases than that; until it has even brought upon the law the reflection of injustice and unreasonableness. Still the principle is an established one which we must regard as one of the landmarks of property, at least to such an extent as we are bound by the decisions of those who have gone before us, and established good precedents in the law for our guidance; but in respect of a principle which has already been urged to an almost unreasonable extent, we shall be careful not to extend it any further, nor apply it to any case not falling directly within the spirit of adjudged cases.

The principle is, that any alteration of the estate or interest of the testator in the lands devised, by the act of the testator, is an implied revocation of the will; and the law requires that the same interest which the testator had in the land at the making his will should continue in him until his death; otherwise it is impossible to say with absolute certainty, what was the will of the testator in reference to this new interest; and this doubt defeats the will, the law always leaning to the heir.

The alteration in the circumstances, and seizin of the estate, which in this case is relied on as an implied revocation of the devise to Peter R. Burton, is, that after the will Thomas Robinson changed his

tenancy in common in these lands, which was the kind and quality of estate he possessed at the date of the will; put an end to that estate; and accepted another, different in quality and extent of interest, by the proceedings had for partition in the Court of Chancery. Whether such proceedings had the effect to produce a revocation of this will is the question now for consideration, and will depend upon a critical examination of the force and purposes of the chancery proceedings.

The change in the estate which is necessary to produce a revocation of the will has been held, and we consider with good reason, not to extend to a mere change in the manner of holding the estate ; and the mere termination of a tenancy in common, and a holding of the same portion of the estate in severalty, will not work a revocation. The case of partition seems also to be an excepted case, even where to effect the partition a conveyance of the land be necessary. Such a conveyance by a coparcener or tenant in common, after he had made his will, has been held not to occasion a revocation of the will. The reason of this seems to be, that the object of the conveyance is really not to pass title, but to effect a severance of the manner of holding ; and the estate to which the will applies being liable to this change without enlargement or restriction ; the will is reasonably to be regarded and held as applying to it in its severed form of holding, as well as when it was held in common.

Partition by proceedings in chancery effects the same object without a conveyance of title. If partition be made, each tenant in common holds in severalty only the estate which he before held in common; neither more nor less ; and there is no reason why this severance of possession should be held to revoke a will before made. And if partition cannot be made by metes and bounds, and the estate is appraised and accepted by one of the tenants in common, he acquires to be sure a title to his co-tenant's part, which, of course, would not be embraced by a prior will; but as to his own share, there is no change of title that ought to impair his will, or work a revocation of it, upon any of the principles of revocation by implication of law.

In this view the plaintiffs are entitled to recover one moiety of the premises of which Thomas Robinson died seized, being that portion which at the making of his will belonged to Miers Burton; and as to the moiety which then belonged to him, and was devised to the defendant Peter R. Burton, the will is sufficient to carry the same to defendants, notwithstanding the subsequent acquisition of the other

part, and his holding the whole in severalty under the chancery proceedings for partition.

· Verdict accordingly.

*Cullen* and *Saulsbury*, for plaintiffs.
*Houston* and *Layton*, for defendants.